# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL T. MANUEL, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 1:15CV27 SNLJ |
| PAULA PHILLIPS, et al., | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

Plaintiff brought this action under 42 U.S.C. § 1983 alleging denial of due process in prison disciplinary proceedings and violations of his right to be free from cruel and unusual punishment. Defendants move to dismiss the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. The motion is granted.

## The Complaint

Plaintiff was placed in administrative segregation on May 12, 2013, for assaulting a correctional officer. According to plaintiff's exhibits, he punched the officer several times in the face, causing the officer to fall down. After the officer was on the ground, other officers told plaintiff to stop, but he refused. He struck the officer on the face several times after the officer fell. The officer suffered serious injuries as a result.

On May 22, 2013, the review committee issued a thirty-day review period. A hearing was held on June 19, 2013, by defendant Vinson and others, in which continued administrative segregation was recommended. Regular hearings were held during plaintiff's placement in administrative segregation. On May 22, 2014, defendant Wallace approved a twelve-month extension to the placement. Wallace's stated reasons were that plaintiff had incurred six conduct

violations while in administrative segregation. Two of the violations concerned threats plaintiff made to correctional officers. Wallace noted that plaintiff had failed to participate in any "Offender Programming offered in SECC's Segregation Units." Wallace stated that the extension was necessary due to the serious nature of the assault, which along with plaintiff's threats, showed that there was a serious risk that plaintiff would continue to assault staff. More regular hearings were held, and on January 27, 2015, defendants Beggs and Dickerson recommended that plaintiff should continue to be placed in administrative segregation.

Plaintiff asserted that his placement in administrative segregation for longer than twelve months violated Department of Corrections' policy, in that such extensions were required to be reviewed and approved by the Deputy Division Director. Instead, the placement was approved by Wallace, who was SECC's Superintendent. Plaintiff claimed to have told each of the defendants that his placement was in violation of prison policy, and he said that each of the defendants knew they were violating his rights at that point.

Plaintiff also claimed that defendant Beggs, a Functional Unit Manager, also refused to follow prison policy by requesting a psychological assessment for plaintiff upon the issuance of the twelve-month extension. Plaintiff said that he suffered from hallucinations. However, he did not claim that he told Beggs about them. He also asserted that there were mice in his cell. Plaintiff told a correctional officer about the mice, and the officer removed them five hours later. He said that Beggs was made aware of the mice situation.

Plaintiff's allegations are mostly conclusory and fail to allege facts, which if proved, would entitle him to relief.

2

**Discussion**

To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is "more than the mere possibility of misconduct." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Defendants argue that they are immune from suit in their official capacities. They are correct. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted against defendants in their official capacities.

Defendants further argue that they did not deprive him of due process when placing him in administrative segregation. In order to determine whether plaintiff "possesses a liberty interest, [the Court must] compare the conditions to which [plaintiff] was exposed in segregation with those he . . . could 'expect to experience as an ordinary incident of prison life.'" *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) (quoting *Beverati v. Smith*, 120 F.3d 500, 503 (4th Cir. 1997)). In this context, the Court "do[es] not consider the procedures used to confine the inmate in segregation." *Id.* (citing *Kennedy v. Bankenship*, 100 F.3d 640, 643 (8th Cir. 1996)). For plaintiff "to assert a liberty interest, he must show some difference between [the] conditions in

3

segregation and the conditions in the general population which amounts to an atypical and significant hardship." *Id.*

Plaintiff's exhibits are part of his complaint. Fed. R. Civ. P. 10(c). He has introduced the defendants' responses to his grievances regarding his continued placement in segregation, and he does not dispute the truthfulness of the statements. The documents show that plaintiff was given regular hearings and that his placement in administrative segregation was continued because he made threats to staff members and incurred six conduct violations. These facts demonstrate the reasonableness in continuing his segregation. Plaintiff does not make any other allegations showing he was subjected to an atypical or significant hardship. As a result, his due process claims fail to state a cause of action.

Defendants also argue that plaintiff has failed to state an Eighth Amendment claim against Beggs. To prevail on his Eighth Amendment claim, plaintiff must show that (1) he suffered from an objectively serious harm and (2) defendant knew of, but deliberately disregarded, the harm. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011). Although plaintiff claimed to have suffered from hallucinations, he did not claim that he made Beggs aware of his psychological condition. Again, he only claimed that she failed to follow prison policy. And he has not alleged that Beggs knew of but disregarded the mice in his cell. He alleged that the mice were cleared out after he told a correctional officer about them. Therefore, his Eighth Amendment claims fail to state a claim.

Finally, defendants argue that they are entitled to qualified immunity. "Government officials who perform discretionary functions are entitled to qualified immunity unless their alleged conduct violated clearly established federal constitutional or statutory rights of which a reasonable person in their positions would have known." *Wright v. Rolette County*, 417 F.3d

879, 884 (8th Cir. 2005). The Court agrees with defendants that plaintiff has neither shown a deprivation of a constitutional right nor that the rights he asserts in his complaint are clearly established. Therefore, defendants are entitled to qualified immunity.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to dismiss [ECF No. 13] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's pending motion is **DENIED** as moot.

Dated this 20th day of July, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE